J-S68011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY PETER OSCHE, | |
| Appellant | No. 1731 WDA 2015 |

Appeal from the Judgment of Sentence October 5, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0002166-2013

BEFORE:  SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                     **FILED NOVEMBER 18, 2016**

Appellant, Anthony Peter Osche, appeals from the judgment of sentence entered on October 5, 2015, in the Butler County Court of Common Pleas.  We affirm.

The record reflects that in August of 2013, Special Agent Duane Tabak ("Agent Tabak") of the Pennsylvania Office of Attorney General, Child Predator Section, was engaged in investigating peer-to-peer file sharing of suspected child pornography.[1]  N.T. Trial, 2/9/15, at 106-109.  This

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1] Child pornography is defined as "any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act[.]"  18 Pa.C.S. § 6312(d).

investigation uncovered internet distribution of suspected child pornography, and it led Agent Tabak to secure a court order to uncover the internet subscriber's identity, physical address, and internet protocol ("IP") address. *Id*. at 109-118. Once Agent Tabak learned the name and physical address, he obtained a search warrant. *Id*. at 119. When Agent Tabak executed the search warrant, there were several people present at the house including Appellant, Appellant's father, Appellant's step-mother, Appellant's step-sister, and Appellant's grandparents. *Id*. at 120. The Agents located a computer and external hard drive in Appellant's bedroom. *Id*. at 121. A forensic examination of those devices uncovered pictures and videos of suspected child pornography and evidence that the computer had been used to disseminate the files containing the suspected child pornography. *Id*. at 125. The investigation uncovered more than 1,300 video files. *Id*. at 127. All of the suspected child pornography was discovered on computer devices located solely in Appellant's bedroom. *Id*. at 137.

Appellant was arrested and advised of his rights pursuant to ***Miranda v. Arizona***, 384 U.S. 436 (1966). N.T., Trial, 2/9/15, at 138. Appellant then signed a form memorializing that he understood his rights. *Id*. After signing the form, Appellant agreed to speak to Agent Tabak, and he admitted to viewing child pornography. *Id*. at 138-139. Additionally, Appellant's computer revealed the file-sharing program through which Agent Tabak initially obtained the shared images of child pornography. *Id*. at 140.

Appellant was charged with five counts of distribution of child pornography, thirty counts of possessing child pornography, and one count of criminal use of a communication facility.[2] On January 29, 2014, Appellant filed a motion for an extension of time in which to file an omnibus pretrial motion. On January 30, 2014, the trial court granted Appellant's motion and provided Appellant an additional thirty days in which to file a timely omnibus motion. Despite this extension of time, Appellant failed to file an omnibus motion.

The case was scheduled for trial but was continued several times. On February 4, 2015, Appellant filed a motion *in limine*. In this motion, Appellant sought to exclude, *inter alia*, his confession. The trial court scheduled a hearing on the motion *in limine*, and following the hearing, the court denied Appellant's request to exclude his confession. The court concluded that the motion to suppress was untimely as it should have been filed in an omnibus motion. Order, 2/9/15.

A two-day jury trial began on February 9, 2015. At trial, Appellant stipulated that the images and video files recovered from the computer

---

[2] We note that Appellant was charged under a prior version of 18 Pa.C.S. § 6312 with committing the crimes of sexual abuse of children, distribution of child pornography (18 Pa.C.S. § 6312(c)(1)), and sexual abuse of children, possessing child pornography (18 Pa.C.S. § 6312(d)(1)). On January 1, 2014, 18 Pa.C.S. § 6312 was amended, and 18 Pa.C.S. § 6312(c)(1) and 18 Pa.C.S. § 6312(d)(1) were renumbered as 18 Pa.C.S. § 6312(c) and 18 Pa.C.S. § 6312 (d) respectively, without changes to the language.

seized at his house were child pornography. N.T. Trial, 2/9/15, at 42. At the close of the Commonwealth's case, Appellant moved for a judgment of acquittal. *Id*. at 185. Counsel for Appellant argued that there was insufficient evidence to establish that the computer devices upon which the child pornography was found belonged to Appellant. *Id*. at 186. The trial court denied Appellant's motion. *Id*. at 187. Appellant also objected to the jury being permitted to take still photographs to the jury room during deliberations. *Id*. at 195. These photographs were of scenes from the videos depicting children engaged in sexual activity. *Id*. The trial court overruled Appellant's objection and allowed the jury to take the still images to the jury room; however, the trial court noted that it would provide a limiting instruction. N.T. Trial, 2/10/15, at 2.

Following deliberations, the jury found Appellant guilty of all thirty-six counts. N.T. Trial, 2/10/15, at 35-36. On October 5, 2015, Appellant was adjudged to be a sexually violent predator. N.T. Sentencing, 10/5/15, at 3. The trial court applied the mandatory minimum sentence of twenty-five years for recidivist sexual offenders under 42 Pa.C.S. § 9718.2, as Appellant had a prior conviction for violating 18 Pa.C.S. § 6312(d)(1) (possessing child pornography), in 2009.[3] *Id*. at 6. The trial court then sentenced Appellant

---

[3] 18 Pa.C.S. § 6312(d)(1), now 18 Pa.C.S. § 6312(d), is an enumerated offense under 42 Pa.C.S.A. § 9799.14 for purposes of the mandatory recidivist sentencing provisions in 42 Pa.C.S. § 9718.2.

to thirty-five concurrent terms of twenty-five to fifty years of incarceration at counts one through thirty-five. On count thirty-six, criminal use of a communication facility, the trial court imposed no further penalty. *Id*. at 7. This resulted in an aggregate sentence of twenty-five to fifty years of incarceration.

On October 30, 2015, Appellant filed an appeal to this Court. Both the trial court and Appellant have complied with Pa.R.A.P. 1925. In his appeal, Appellant raises three issues for this Court's consideration:

I. Whether the trial court erred in denying Appellant's motion in limine and allowing Appellant's confession to be introduced despite the confession not being voluntary and being elicited as part of a plea negotiation initiated by an agent of the Attorney General's Office?

II. Whether the trial court erred by permitting still photographs of the alleged children to be introduced and provided to the jury despite a stipulation by the defense as to the nature and content of the photos?

III. Whether 42 Pa.C.S. § 9718.2, which provides for a mandatory 25 year sentence upon a second conviction for an offense under [42 Pa.C.S.] § 9799.14, is unconstitutional and violates the Eigth [sic] Amendment against cruel and unusual punishment?

Appellant's Brief at 16 (full capitalization omitted).

In his first issue, Appellant asserts that the trial court erred in denying his motion *in limine* wherein he sought to suppress his confession. We point out that the admissibility of evidence is within the sound discretion of the trial court, and we will not reverse a trial court's decision concerning

- 5 -

admissibility of evidence absent an abuse of the trial court's discretion. *Commonwealth v. Estepp*, 17 A.3d 939, 945 (Pa. Super. 2011).

Here, however, Appellant did not file an omnibus motion to suppress under Pa.R.Crim.P. 578. Rather, after the time had passed to file an omnibus motion, Appellant sought to suppress his confession through a motion *in limine*.

> Our Rules of Criminal Procedure provide as follows:
>
> Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.

Pa.R.Crim.P. 581(B). A criminal defendant has thirty days from the date of his arraignment to file a timely omnibus pretrial motion. Pa.R.Crim.P. 579(A). However, as noted, the trial court may consider an untimely suppression motion if "the opportunity did not previously exist, or the interests of justice otherwise require[.]" Pa.R.Crim.P. 581(B). The determination of "[w]hether the opportunity did not previously exist or the interests of justice otherwise require is a matter for the discretion of the trial judge." *Commonwealth v. Long*, 753 A.2d 272, 279 (Pa. Super. 2000).

As noted by the trial court in its opinion:

> In the case at hand, arraignment was held on December 31, 2013. On January 2, 2014, defense counsel filed an Informal Request for Discovery. The Commonwealth provided discovery on January 22, 2014. On January 29, 2014, defense counsel filed a Motion for Extension of Time to File Omnibus Pre-Trial Motion.

On January 30, 2014, the court granted the motion and gave the defense thirty (30) additional days to file an omnibus pretrial motion. Defense counsel never filed an omnibus pretrial motion.

Trial Court Opinion, 2/3/16, at 2. Rather, Appellant waited until five days before trial to file a motion *in limine* seeking to suppress his confession. There is no indication in that motion that there was any reason for the delay, and we discern no abuse of discretion in the trial court's denial of Appellant's untimely motion to suppress. Accordingly, Appellant's claim fails.

Assuming, *arguendo*, that Appellant had properly filed a motion to suppress and the trial court denied that motion, we would still conclude that no relief is due.

> In reviewing a ruling on a suppression motion, our standard of review is whether the factual findings and the legal conclusions drawn therefrom are supported by the evidence. We are bound by the factual findings of the suppression court supported by the record, but we are not bound by the suppression court's legal rulings, which we review *de novo*. Further, the reviewing court may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the entire record.

***Commonwealth v. Irvin***, 134 A.3d 67, 71 (Pa. Super. 2016) (citations omitted). Moreover, our scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing. ***In re L.J.***, 79 A.3d 1073, 1086 (Pa. 2013).

Appellant argues that his confession should have been suppressed because it was not voluntary and was obtained during plea negotiations. Appellant's Brief at 27. We disagree.

Despite Appellant's suppression motion being raised improperly in a motion *in limine*, the trial court did hear argument and take testimony on the motion. N.T. Trial, 2/9/14, at 11-80. The trial court viewed the video of the confession and Agent Tabak's interview with Appellant. *Id*. As noted above, after Appellant was arrested, he was apprised of his rights and signed a form indicating that he understood them. *Id*. at 26-30. Appellant then proceeded to speak with Agent Tabak and admitted possessing child pornography. *Id*. at 28-30, 39. Agent Tabak testified that there was no plea discussion, no promises made, and no representation made to Appellant that the agent was an attorney. *Id*. at 26-30. The trial court ultimately denied Appellant's motion *in limine*, albeit on grounds that it was an untimely suppression motion. *Id*. at 78. Nevertheless, if Appellant had filed a timely motion to suppress his confession, and the trial court had denied it based on the record compiled during the motion *in limine* hearing, there was ample evidence upon which the trial court could have relied in denying a motion to suppress, and we would conclude that there was no abuse of discretion.

In his second issue, Appellant argues that the trial court erred in allowing the jury to take still photographs depicting scenes of child pornography from the video files into the jury room during deliberations over Appellant's objection. The trial court overruled the objection and concluded that it was within its discretion to allow the jury to have those photos, the

photos were not cumulative, and the jury was instructed not to let the photos "stir up your emotions to prejudice [Appellant]." Trial Court Opinion, 2/3/16, at 2.

We note that the determination of "[w]hether an exhibit should be allowed to go out with the jury during its deliberation is within the sound discretion of the trial judge." *Commonwealth v. Barnett*, 50 A.3d 176, 194 (Pa. Super. 2012); Pa.R.Crim.P. 646(A). Rule 646 does not prohibit the jury from having photo exhibits during deliberation. Therefore, we are not confronted with a violation of the rule; instead, we are faced with a discretionary ruling. *Compare Commonwealth v. Terry*, 462 A.2d 676, 679 (Pa. 1983) (rejecting the contention that a **violation** of former Pa.R.Crim.P. 1114, renumbered Pa.R.Crim.P. 646, can be harmless error) (emphasis added).

Because there was a stipulation as to the contents of the video files and still photos and the fact that Appellant conceded those images constituted child pornography, the utility of the jury's retention of the photographs is questionable. Nevertheless, after careful review, we conclude that any abuse of discretion in allowing the jurors to retain the photographs during deliberation was harmless. As our Supreme Court has stated, "The harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial."

*Commonwealth v. Hairston*, 84 A.3d 657, 671 (Pa. 2014) (citation omitted).

> Harmless error exists if the record demonstrates either: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Id*. at 671-672 (citation and quotation marks omitted).

As noted above, Appellant stipulated that the files found on the computer constituted child pornography. N.T. Trial, 2/9/15, at 42. We are constrained to point out that if an image is, by definition, child pornography, an element of the crimes charged was established.[4] In other words, there

_____

[4] Distribution and possession of child pornography are defined in the Crimes Code as follows:

> **(c) Dissemination of photographs, videotapes, computer depictions and films.**--Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

> **(d) Child pornography.**--Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in

*(Footnote Continued Next Page)*

was nothing else the Commonwealth was required to prove in order to establish that the images were depictions of children, under the age of eighteen years, engaged in a prohibited sexual act or in the simulation of such act, and therefore, child pornography. 18 Pa.C.S. § 6312(c) and (d). The Commonwealth had to prove only that Appellant knowingly possessed and/or distributed the prohibited images. *Id*. Our conclusion is supported by the fact that Appellant's sole argument with respect to the elements of the crimes was that the Commonwealth failed to connect Appellant to the pornographic images of children. N.T. Trial, 2/9/15, at 186. Additionally, we point out that the still images were immaterial as to grading of the crimes because Appellant was a repeat offender under 42 Pa.C.S. §9718.2 and subject to a mandatory minimum of twenty-five years at each count of possessing or disseminating child pornography.[5] Thus, we are convinced that any error was harmless.

*(Footnote Continued)* ─────────────

      a prohibited sexual act or in the simulation of such act commits
      an offense.

18 Pa.C.S. § 6312(c) and (d).

[5] We note that the images in the still photographs could be relevant as to gradation of an offense if Appellant were a first-time offender. *See* 18 Pa.C.S. § 6312(d.1)(3) ("When a person commits an offense graded under paragraph (1) or (2)(i) and indecent contact with the child as defined in section 3101 (relating to definitions) is depicted, the grading of the offense shall be one grade higher than the grade specified in paragraph (1) or (2)(i)."). However, because Appellant is a repeat offender and subject to a twenty-five-year mandatory minimum sentence, the increase in gradation of
*(Footnote Continued Next Page)*

In his third issue, Appellant argues 42 Pa.C.S. § 9718.2, which provides for a mandatory twenty-five-year sentence for a second conviction for an offense enumerated in 42 Pa.C.S. § 9799.14, is unconstitutional as cruel and unusual punishment prohibited by the Eighth Amendment to the United States Constitution. Appellant's Brief at 36. We conclude that this claim is meritless.

In *Commonwealth v. Baker*, 78 A.3d 1044 (Pa. 2013), the Pennsylvania Supreme Court addressed the constitutionality of 42 Pa.C.S. § 9718.2, and the application of a twenty-five-year mandatory minimum for a second conviction of possessing child pornography. The Supreme Court began its analysis by stating: "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences which are grossly disproportionate to the crime." *Id*. at 1047.

> In *Commonwealth v. Spells*, 417 Pa. Super. 233, 612 A.2d 458, 462 (1992) (*en banc*), the Superior Court applied the three-prong test for Eighth Amendment proportionality review set forth by the United States Supreme Court in *Solem v. Helm*, 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and determined that a five-year mandatory minimum sentence for offenses committed with a firearm does not offend the Pennsylvania constitutional prohibition against cruel punishments. The *Spells* court observed that the three-prong *Solem* proportionality test examines: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

the offenses for depictions of indecent contact noted in 18 Pa.C.S. § 6312(d.1)(3) is inapplicable.

jurisdictions." **Spells**, 612 A.2d at 462 (quoting **Solem**, 463 U.S. at 292, 103 S.Ct. 3001).

**Id**.

Just as in **Baker**, Appellant argues that he only possessed the videos, and he did not personally touch a child or produce the videos. Appellant's Brief at 39. The **Baker** Court addressed this same "minimizing" argument as follows:

> After careful reflection, we agree [with the Commonwealth] that Appellant's crime is much graver than the simple possession of so-called "dirty pictures" where there is no direct victim. Images of child pornography are images of child sexual abuse and exploitation; each image represents a victimized child, and there can be no dispute that those who exploit and abuse children commit very grave offenses. The essence of Appellant's argument with respect to gross disproportionality is that because he himself did not engage in any sexual abuse or exploitation of children, his crime does not warrant a 25–year mandatory minimum sentence, and the 25–year sentence of imprisonment imposed raises an inference of gross disproportionality when compared to his crime. **See** Appellant's Brief at 11–12 ("What Baker did was possess the images. And for twice being convicted of this simple possession of these prohibited images, he was sentenced to a mandatory minimum of 25 years in prison.")

> We disagree that Appellant's offense is a simple, non-serious, possessory offense. It bears repeating here that Appellant was sentenced under a recidivist sentencing scheme. The fact that Appellant is a repeat offender certainly goes to the gravity of his instant offense. Equally importantly, we cannot view Appellant's crimes as he suggests, in a manner that detaches them from the devastating victimization that child pornography produces. Appellant's participation in the criminal subculture of viewing images of child sexual abuse for personal gratification is part and parcel of that victimization. Appellant's crime is his continued participation as an enabler of sexual crimes against children via his status as a possessor of child pornography. Although Appellant did not personally commit the

- 13 -

underlying sexual abuse, he was certainly a willing voyeuristic participant in its commission after the fact, and it is his demand to possess images of child sexual abuse which permits and, to an extent, causes, the production of child pornography. It is unacceptably inaccurate to characterize or label Appellant's crime as the simple possession of "dirty pictures" or the use of an outlaw product. His crime is more accurately understood as secondary or indirect participation in the sexual abuse and exploitation of innocent children for personal gratification. That is a very serious and grave offense. …

The gravity of the offense, of course, must be compared to the punishment imposed in order to determine whether an inference of gross disproportionality is raised. The sentence here is 25 to 50 years' imprisonment, imposed on May 12, 2009, with credit for time-served from March 15, 2007. Thus, Appellant, who was thirty-three years of age on the date of sentencing, will be fifty-six years of age at the expiration of his minimum term of imprisonment, and eighty-one years of age at the expiration of his maximum sentence. This is an indeterminate sentence of years with the possibility of parole at some point following expiration of the mandatory minimum sentence. While clearly a lengthy sentence, presuming Appellant will experience an average longevity, the sentence here is not tantamount to a life sentence without the possibility of parole which the High Court struck down in **Solem**, **supra**, as grossly disproportionate to the recidivist non-violent offense of passing a bad check in the amount of $100.

In sum, we determine that a threshold comparison of the gravity of a second conviction of possessing and viewing child pornography against the imposition of a mandatory sentence of at least 25 years' imprisonment does not lead to an inference of gross disproportionality. Thus, we need not reach the second and third prongs of the test for proportionality review under the Eighth Amendment, and accordingly, we affirm.

**Baker**, 78 A.3d at 1051-1052 (internal footnote and some citations omitted).

The **Baker** decision is directly applicable to the case at bar. As discussed, Appellant was a repeat offender under 42 Pa.C.S. § 9799.14 and

- 14 -

subject to the mandatory twenty-five-year minimum sentence under 42 Pa.C.S. § 9718.2. While Appellant may not have physically touched the children in the videos or produced the videos himself, those facts do not minimize the gravity of his crimes. **Baker**, 78 A.3d at 1052. Moreover, Appellant was twenty-five years old when he was sentenced. Just as in **Baker**, Appellant was sentenced to an aggregate term of twenty-five to fifty years of incarceration and will be eligible for parole at the expiration of his minimum sentence when he is fifty years old.[6] As set forth above, the Supreme Court concluded that, under similar circumstances, the recidivist sentencing statute, 42 Pa.C.S. § 9718.2, is not grossly disproportional to the crimes charged. Because we are bound by decisions of our Supreme Court,[7] we conclude that Appellant is entitled to no relief on his challenge to the constitutionality of 42 Pa.C.S. § 9718.2. **See Commonwealth v. Colon-Plaza**, 136 A.3d 521, 532 (Pa. Super. 2016) (noting that **Baker** is binding upon this Court, and rejecting an appellant's challenge to the constitutionality of 42 Pa.C.S. § 9718.2 based on gross disproportionality).

_____

[6] We note also that Appellant may be eligible for parole before he is fifty-years old because he received credit for time served. N.T., Sentencing, 10/5/15, at 7.

[7] **See Commonwealth v. Volk**, 138 A.3d 659, 663 (Pa. Super. 2016) (quoting **Commonwealth v. Friday**, 90 A.2d 856, 859 (Pa. Super. 1952) ("Superior Court is bound by the decisions of the Supreme Court of Pennsylvania.")).

For the reasons set forth above, we discern no basis upon which to disturb Appellant's judgment of sentence. Accordingly, the judgment of sentence entered on October 5, 2015, is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/2016