J-S05034-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN GREGORY EAKIN, | : | |
| | : | |
| Appellant | : | No. 1111 WDA 2017 |

Appeal from the PCRA Order July 5, 2017
in the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000115-2011

BEFORE:    OLSON, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          FILED MARCH 28, 2018

Steven Gregory Eakin (Appellant) appeals from the July 5, 2017 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm, albeit on a different basis than that of the PCRA court.[1]

Appellant was convicted of several theft offenses in December 2011, and was sentenced on February 7, 2012, to an aggregate term of incarceration of 6 months to 24 months less one day, with a concurrent two-year probationary term, along with fines and costs.  This Court affirmed the judgment of sentence and our Supreme Court denied his petition for allowance of appeal.  Commonwealth v. Eakin, 120 A.3d 1053 (Pa. Super.

---

[1]  "It is well-settled that this Court may affirm on any basis." Commonwealth v. Clouser, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

*Retired Senior Judge assigned to the Superior Court.

2015) (unpublished memorandum), appeal denied, 125 A.3d 1198 (Pa. 2015). Appellant began serving his sentence on January 4, 2016. Appellant's Brief at 11.

Appellant pro se timely filed a PCRA petition on December 9, 2016. The PCRA court held a hearing on the petition on January 31, 2017, at which Appellant represented himself, acknowledging that he did not qualify for appointment of counsel. N.T., 1/31/2017, at 5. The PCRA court dismissed Appellant's petition by opinion and order filed on July 5, 2017.

Appellant timely filed a notice of appeal and statement of errors complained of on appeal. Appellant asks this Court to consider four claims of PCRA court error. Before we address the substance of his claims, we consider whether he is eligible for relief.

To be eligible for PCRA relief, a petitioner must plead and prove, among other things,

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
>> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>>
>> (ii) awaiting execution of a sentence of death for the crime; or
>>
>> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a).

"Our Supreme Court has consistently interpreted this language to bar PCRA relief from those who are not serving a sentence." Commonwealth v. Volk, 138 A.3d 659, 661 (Pa. Super. 2016). Moreover, "the statutory requirement that a PCRA petitioner be currently serving the sentence is applicable … where the PCRA court's order was issued while [the] petitioner was still serving the required sentence, but that sentence terminated prior to the resolution of his appeal." Commonwealth v. Plunkett, 151 A.3d 1108, 1112–13 (Pa. Super. 2016).

Here, Appellant's maximum sentence was less than two years, and he acknowledged that he began serving it more than two years ago in January 2016. Appellant's Brief at 11. Indeed, the record reflects Appellant's maximum period of supervision ended on January 4, 2018. Acceptance for State Supervision, 8/8/2016, at 1 (pages unnumbered). Accordingly, he is no longer eligible for relief under the PCRA.

Because Appellant is no longer eligible for PCRA relief, the PCRA court did not err in dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2018

- 3 -