J-S45039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANA E. SMITH | : | |
| | : | |
| Appellant | : | No. 1674 MDA 2017 |

Appeal from the PCRA Order September 27, 2017
in the Court of Common Pleas of Centre County
Criminal Division at No.:  CP-14-CR-0000488-2009

BEFORE:   PANELLA, J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 02, 2018**

Appellant, Dana E. Smith, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, because he is no longer serving his sentence.  We affirm on the basis of the PCRA court's opinion.

We take the following pertinent background from our independent review of the certified record.  On May 25, 2010, a jury convicted Appellant of intimidation of a witness.[1]  The charges related to Appellant's intimidating of a witness (his daughter) to tell the court that she could not remember what happened to her in the pending rape case against his son.  On September 30, 2010, the court sentenced Appellant to an aggregate term of not less than two and one-half nor more than five years' incarceration.  The court granted

---

[1] 18 Pa.C.S.A. §§ 4952(a)(2) and (a)(3).

---

\*   Retired Senior Judge assigned to the Superior Court.

Appellant bail pending appeal, which he posted the same day. This Court affirmed the judgment of sentence on February 21, 2012, and our Supreme Court denied further review on July 2, 2013. (*See **Commonwealth v. Smith***, 46 A.3d 822 (Pa. Super. filed Feb. 21, 2012) (unpublished memorandum), *appeal denied*, 69 A.3d 601 (Pa. 2013)).

On February 8, and February 27, 2012, respectively, the Commonwealth filed a motion to revoke bail and an amended motion to revoke bail, which the trial court granted on March 1, 2012. The court ordered Appellant to report to Centre County Probation no later than March 2, 2012 to surrender to the custody of the Centre County Correctional Facility.

The PCRA court's September 27, 2017 opinion fully and correctly sets forth the ensuing procedural and factual histories of this case. (**See** PCRA Court Opinion, 9/27/17, at 1-2). Therefore, we have no reason to restate them here.

Appellant raises one question for our review: "Whether the [PCRA] court erred in denying [his] . . . PCRA petition, and, in so doing . . . [f]inding that [he] no longer met the requirements under 42 Pa.C.S.A. § 9543(a)(1)[?]" (Appellant's Brief, at 4).

Our standard of review is well-settled: "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa. Super. 2017) (citation omitted).

After our thorough review of the record, the briefs of the parties, and the well-reasoned opinion of the Honorable Thomas King Kistler, we conclude that there is no merit to the issue Appellant has raised on appeal. The PCRA court opinion properly disposes of the question presented. (**See** PCRA Ct. Op., at 3-5) (finding: (1) because Appellant's sentence expired on April 22, 2017, he no longer is eligible for PCRA relief pursuant to 42 Pa.C.S.A. § 9543(a)(1); (2) Superior Court decisions on which Appellant relies are distinguishable; and (3) three-year delay in litigating PCRA petition was caused in part by Appellant, and he cannot now argue prejudice). Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/02/2018

Circulated 09/17/2018 12:18 PM



# IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
## CRIMINAL ACTION – LAW

COMMONWEALTH OF PENNSYLVANIA          :
                                                              :
          v.                                                  :          No.  CP-14-CR-0488-2009
                                                              :
DANA E. SMITH                                     :

*Attorney for the Commonwealth:*          *Crystal L. Hundt, Esquire*
*Attorney for the Defendant:*                 *Michael B. Cohen, Esquire*

## OPINION & ORDER

**Kistler, J.**

Presently before the Court is an Amended Motion to Dismiss filed by the Commonwealth on July 25, 2017. The Court heard Oral Argument on August 21, 2017, at which time the parties were directed to submit briefs on this issue. The Commonwealth filed a Memorandum in Support of its Amended Motion to Dismiss on September 8, 2017 and Petitioner filed a Brief in Opposition to Commonwealth's Motion to Dismiss on September 11, 2017. For the foregoing reasons, the Commonwealth's Motion to Dismiss is GRANTED.

## BACKGROUND

Petitioner filed his *pro se* PCRA Petitioner on July 24, 2014 and the Commonwealth filed an Answer to the Petition on October 23, 2014. The Court granted Petitioner sixty (60) days to file an Amended PCRA Petition on January 30, 2015 and then on April 7, 2015 granted an extension, giving the Petitioner until April 13, 2015 to file the Amended Petition. An Amended Petition was filed on April 13, 2015 and the Commonwealth filed an Answer and Motion to Dismiss without a Hearing on May 12, 2015. The Court denied the Commonwealth's Motion to Dismiss on June 16, 2015.

☒O ☐RD ☐S

An Evidentiary Hearing was originally scheduled for August 20, 2015, but, upon agreement of the parties, the hearing was moved to January 14, 2016. Before that hearing, counsel for Petitioner requested a continuance and the hearing was rescheduled for April 8, 2016. Counsel for Petitioner requested another continuance and the hearing was rescheduled for August 25, 2016. In August, the parties agreed to reschedule the hearing for November 14, 2016. The next three continuances were requested by the Commonwealth, causing the hearing to be rescheduled first for January 9, 2017, then for March 17, 2017, and finally for April 7, 2017. Counsel for Petitioner did not object to any of the three Commonwealth continuances.

The Evidentiary Hearing was held on April 7, 2017, but because of time constraints, was not completed on that day. A second Evidentiary Hearing was scheduled for August 21, 2017. On April 22, 2017, Petitioner was discharged from his sentence at this docket. On August 21, 2017, the Court heard argument on the Commonwealth's Amended Motion to Dismiss and ordered briefs submitted to the Court. Because of this new issue, the Second Evidentiary Hearing was not held on August 21, 2017, but was instead rescheduled for November 3, 2017.

## DISCUSSION

Pursuant to the Post Conviction Relief Act, Defendant is entitled to relief on his claims if he proves by a preponderance of the evidence:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
> (ii) awaiting execution of a sentence of death for the crime; or
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.
> (2) That the conviction or sentence resulted from . . .
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no

2

reliable adjudication of guilt or innocence could have taken place.
(3) That the allegation of error has not been previously litigated or waived.
(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. § 9543(a). Defendant was convicted of a crime under the laws of Pennsylvania, however he was discharged from his sentence on April 22, 2017. Therefore, Petitioner can no longer meet the requirements under 42 Pa.C.S.A. § 9543(a)(1). The Commonwealth asserts the Court must dismiss the PCRA Petition on the basis that the statutory requirements cannot be met.

Petitioner argues he is still entitled to relief, as he is only ineligible as a result of a violation of his right to timely disposition of his PCRA Petition. When a court is called to analyze a delay in deciding a PCRA Petitioner, the proper framework is outlined in *Barker v. Wingo*, 407 U.S. 514 (1972). *Commonwealth v. Burkett*, 5 A.3d 1260, 1276 (Pa. Super. Ct. 2010). The Supreme Court, in *Barker*, laid out a four factor test for determining whether a defendant's right to a speedy trial has been violated. *Barker,* 407 U.S. at 530. This test is also applicable to determining whether a delay in the adjudication of a PCRA Petition has violated the petitioner's right to due process. *Burkett*, 5 A.3d at 1276. The *Barker* test requires courts to weigh (1) whether the delay warrants further inquiry, (2) the reason for the delay, (3) the timeliness of the defendant's assertion of his rights, and (4) whether the defendant has suffered prejudice as a result of the delay. *Id.*

The length of delay in this case was approximately three years. Petitioner filed his *pro se* PCRA Petition on July 24, 2014 and, although the Evidentiary Hearing has begun, a second hearing date is required to complete the testimony. This second hearing date was rescheduled from August 21, 2017 and is currently set for November 3, 2017. Petitioner argues three years is

3

an unacceptable delay by relying on two cases, *Commonwealth v. Burkett*, 5 A.3d 1260 (Pa. Super. Ct. 2010), and *Commonwealth v. Volk*, 138 A.3d 659 (Pa. Super. Ct. 2016).

Although Petitioner has claimed *Burkett* creates a presumption that a PCRA Petition should take no more than 120 days, Petitioner has taken this portion of the *Burkett* decision out of context. In *Burkett*, the court held that there was a presumption that the *decision* of a PCRA petition should take no more than 120 days. *Burkett*, 5 A.3d at 1279. This was in reference to a delay between the completion of the evidentiary hearing and the release of an opinion. *Id.* In Petitioner's case, the evidentiary hearing has not yet been completed. Therefore, the clock has not yet started to run on the 120 days contemplated by the court in *Burkett*.

Petitioner's reliance on *Volk* is similarly unfounded. Petitioner has argued the court, in *Volk*, found a 21 month delay to be unreasonable. However, just as in *Burkett*, the court was referring to the delay between the completion of an evidentiary hearing and the time a decision is released. *Volk*, 138 A.3d at 663-664. The court did not address the reasonable total time for disposition of a PCRA Petition in either case cited by Petitioner.

As to the second consideration under *Barker*, the Court acknowledges there have been several delays of the evidentiary hearing for a variety of reasons, however this factor weighs slightly in favor of the Commonwealth. The Commonwealth's three continuances were requested due to a clerical error and witness unavailability. Petitioner has not alleged that any of the Commonwealth's continuance requests were submitted in bad faith or that the Court was negligent in attempting to schedule this matter for an Evidentiary Hearing. Moreover, Petitioner's Amended PCRA Petition was not filed until almost nine months after the *pro se* PCRA Petition was filed. Petitioner also requested two continuances which were responsible for

4

seven months of the total delay. Another three month continuance was granted on August 22, 2016, upon Petitioner's request, so the two attorneys could meet and narrow down the issues. Continuances requested solely by the Commonwealth resulted in a total five months of delay of these proceedings. Other than the five months requested by the Commonwealth, all other time is at least in part attributable to Petitioner.

Petitioner has made no argument as to the third factor of the *Barker* test. Over the three years in which this PCRA has been pending, Petitioner has taken no action to assert his right to a timely disposition of his PCRA Petition. At no point did Petitioner object to a request for a continuance. In *Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013), the court stressed that the petitioner had not requested that consideration be expedited and also had waited until only eleven days before the one-year deadline to file her PCRA Petition. The facts in the case at hand are strikingly similar. Petitioner filed his *pro se* PCRA Petition one year after the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal and the record does not indicate Petitioner made any request to expedite the proceedings, despite his knowledge that his sentence was for two and one-half to five years of incarceration.

As the Court previously noted, the fourth factor of the *Barker* test weighs in Petitioner's favor. There is prejudice in not proceeding to an evidentiary hearing on Petitioner's PCRA. If Petitioner were successful in his claims, he could be afforded another trial, which conceivably could lead to a different result. However, it would be inappropriate to allow Petitioner an exception to the statutory requirement where he took no action to preserve his own rights and, in fact, requested several continuances himself. Although the Petitioner was entitled to request additional time to prepare for a hearing and to take a year to prepare his PCRA Petition, he cannot now succeed in arguing the delay from those actions caused him prejudice.

5

Therefore, the Commonwealth's Motion to Dismiss the Amended Post-Conviction Relief Act Petition is GRANTED.

## ORDER

AND NOW, this 27th day of September, 2017, the Commonwealth's Motion to Dismiss the Amended Post-Conviction Collateral Relief Act Petition is hereby **GRANTED**. Dana Smith's Post-Conviction Collateral Relief Act Petition is **DISMISSED**.

BY THE COURT:

Thomas King Kistler, Judge