**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL ADEBOWALE ODU | : | |
| | : | |
| Appellant | : | No. 1262 WDA 2021 |

Appeal from the PCRA Order Entered September 21, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003377-2017

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: DECEMBER 5, 2022**

Daniel Adebowale Odu appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA). ***See*** 42 Pa.C.S.A. §§ 9541-9546. On appeal, Odu contends that dismissal of his petition was in error because his counsel was ineffective for failing to inform him of his guilty plea's potential immigration consequences. As Odu is not currently serving a sentence, we are without jurisdiction to consider the merits of his claim. Accordingly, we dismiss his appeal.

Briefly, Odu entered into a plea agreement on February 20, 2018, to one count of simple assault, ***see*** 18 Pa.C.S.A. § 2701(a)(1), which stemmed from physical altercations between him and his former girlfriend. Correspondingly, that same day, Odu was sentenced to eighteen months of

---

[*] Retired Senior Judge assigned to the Superior Court.

probation. While on probation, Odu was subject to, *inter alia*, drug and alcohol evaluations and, too, prohibited from contacting the victim.

A few days after the plea was consummated, Odu filed a post-sentence motion to withdraw his plea, given his apparent realization of its collateral consequence, i.e., possible deportation. After holding a hearing, the court ultimately denied Odu's motion.

Approximately one year later, on June 7, 2019, Odu filed his first PCRA petition, contending that his counsel was ineffective for failing to apprise him of what could happen to his immigration status should he accept the plea. The lower court dismissed his petition without a hearing. After filing an appeal from this dismissal, this Court remanded the matter for the lower court to hold a hearing to ascertain whether "trial counsel discussed the immigration attorney's memorandum with [Odu] and how that nonetheless, led [Odu] to accept a plea with deportation consequences." *Commonwealth v. Odu*, 1795 WDA 2019 at *7 (Pa. Super., filed December 21, 2020) (unpublished memorandum).[1]

Eventually, the Commonwealth filed a motion to dismiss Odu's petition, asserting that because Odu's sentence had been fully completed, the PCRA could not provide him with any relief. Following a hearing, which delved into questions involving Odu's knowledgeability about the plea's immigration-

_____

[1] Odu's counsel indicated that Odu had spoken with an immigration attorney. That same attorney also drafted and sent a memorandum to plea counsel. *See Commonwealth v. Odu*, 1795 WDA 2019 at *3 n.1.

related effects, the court dismissed Odu's PCRA petition.

After the petition's dismissal, Odu filed a timely notice of appeal. The relevant parties have complied with their obligations under Pennsylvania Rule of Appellate Procedure 1925, and as such, this case is ripe for review.

On appeal, Odu singularly asks:

1. Did the lower court commit an error of law when it dismissed his petition for PCRA relief, as trial counsel was ineffective for failing to inform him of the potential immigration consequences associated with his guilty plea?

*See* Appellant's Brief, at 3.

Prior to considering the merits of Odu's question, we must first determine whether we have jurisdiction. To be eligible for PCRA relief, a petitioner "must plead and prove by a preponderance of the evidence … [t]hat [he or she] has been convicted of a crime under the laws of this Commonwealth and is *at the time relief is granted*: … *currently serving* a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). "Our Supreme Court has consistently interpreted this language to bar PCRA relief from those who are not serving a sentence." ***Commonwealth v. Volk***, 138 A.3d 659, 661 (Pa. Super. 2016).

The record, unrebutted, reflects that Odu's sentence concluded on August 20, 2019. *See* Commonwealth's Motion to Dismiss Post Conviction Relief Act Petition, dated 9/17/21, Ex. A ("Odu … is no longer under the supervision of the Allegheny County Adult Probation Department. [His] case

… was closed on 08/20/2019.").

Although it appears Odu filed his PCRA petition while he was still serving his eighteen-month probationary sentence, "[a]s soon as his sentence [was] completed, [he became] ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009) (citation omitted). Furthermore, despite the fact that Odu is implicitly arguing that his acquiescence to the plea will affect him, in an immigration sense, beyond the time he spent on probation, "the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." ***Id***.

As we are without jurisdiction to consider the validity of Odu's ineffective assistance of counsel claim, we dismiss his appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/05/2022