J-S08038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HECTOR CASTELLANOS | : | |
| | : | |
| Appellant | : | No. 1095 WDA 2016 |

Appeal from the PCRA Order June 30, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0012036-2015

BEFORE:   GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 2, 2017**

Appellant, Hector Castellanos, appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA"),[1] which Appellant styled as a "Petition for Post-Conviction Relief/Writ of *Habeas Corpus*/Writ of *Coram Nobis*."  We affirm.

The relevant facts and procedural history of this case are as follows. On September 21, 2015, police received a report of a possible intoxicated male sleeping on a bench near the inbound platform of the Fallowfield train station.  Officers approached Appellant and roused him.  Appellant awoke upon verbal commands and exhibited several signs of intoxication.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Appellant had slurred and repetitive speech, glassy, bloodshot eyes, and a strong odor of alcohol on his breath. Appellant admitted he had been drinking and said he was waiting for an inbound train. When the officers asked for identification, Appellant stated: "I got nothing on me." Appellant then voluntarily emptied his pockets (presumably to show the officers he had no identification), and a clear baggie containing a white powdery substance fell out of his pocket. Suspecting the substance was cocaine, the officers arrested Appellant for possession of a controlled substance and public drunkenness.

The court scheduled Appellant's preliminary hearing for October 1, 2015. On that date, Appellant waived his right to a preliminary hearing, opting to plead guilty. Appellant executed a negotiated plea agreement,[2] in which he would plead guilty to possession of a controlled substance (cocaine) in exchange for a sentence of six (6) months' probation.[3] Appellant signed the written plea colloquy and initialed each page. Appellant confirmed in the written plea colloquy that he could read, write, and understand the English language. Additionally, question nineteen stated: "Do you understand that if you are not a citizen of the United States, it is possible you may be deported if you plead guilty to the charged offense(s)?"

_____

[2] Appellant entered his guilty plea as part of an expedited plea disposition.

[3] The Commonwealth withdrew the public drunkenness charge.

(Negotiated Guilty Plea Colloquy/Explanation of Appellant's Rights, 10/1/15, at 5 ¶19). Appellant responded affirmatively. Appellant also completed a waiver of counsel form and appeared before the court *pro se* to enter his guilty plea. After conducting a full oral colloquy, the court accepted both Appellant's waiver of counsel and his guilty plea as knowing, intelligent, and voluntary, and imposed the agreed-upon sentence of six (6) months' probation to commence on that date, plus applicable fees and costs. The court explained Appellant's post-sentence and appellate rights; Appellant said he had no questions. Appellant did not file post-sentence motions or a direct appeal. As a result of his conviction, Immigration and Customs Enforcement subsequently instituted removal proceedings against Appellant, who was a foreign national illegally in the United States.

Appellant's probationary sentence expired on April 1, 2016. On May 23, 2016, Appellant filed a counseled petition titled, "Petition for Post-Conviction Relief/Writ of *Habeas Corpus*/Writ of *Coram Nobis*." Appellant challenged the validity of his guilty plea, claiming, *inter alia*, the court violated his substantive due process rights by failing to inform him that he had a right to an interpreter or advise him that he would face automatic deportation as a result of his guilty plea. Appellant filed an amendment to his PCRA petition the next day to fix a typographical error. The Commonwealth filed an answer on May 26, 2016.

The court treated Appellant's filings as a PCRA petition and, on June 1,

2016, issued notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The court decided Appellant was ineligible for PCRA relief pursuant to 42 Pa.C.S.A. § 9543(a)(1)(i) because he was no longer serving a sentence. Appellant filed a "response and motion to reconsider" on June 20, 2016, arguing the court should have treated Appellant's prayer for relief as a petition for writ of *habeas corpus*. Appellant also attacked the constitutionality of Section 9543(a)(1)(i) on various grounds. Alternatively, Appellant claimed the court retained jurisdiction because Appellant still owed fees and costs, so he was in "technical" violation of his probation, such that the court could revoke his probation and resentence him. The court denied Appellant's request for reconsideration on June 21, 2016. On June 30, 2016, the court entered a final order denying PCRA relief. Appellant timely filed a notice of appeal on July 28, 2016. On August 10, 2016, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on September 7, 2016.

Appellant raises the following issues for our review:

> WHETHER 42 PA.C.S. § 9543(A)(1)(I) VIOLATES THE RIGHT TO COUNSEL, THE RIGHT TO SUBSTANTIVE DUE PROCESS, THE RIGHT TO APPEAL AND/OR THE RIGHT TO PROCEDURAL DUE PROCESS OR, IN THE ALTERNATIVE, WHETHER SUCH VIOLATED APPELLANT'S RIGHT TO SUBSTANTIVE AND PROCEDURAL DUE PROCESS?

> WHETHER THE COURT ERRED IN DENYING [APPELLANT'S] PETITION FOR POST CONVICTION RELIEF/WRIT OF *HABEAS CORPUS*/WRIT OF *CORAM NOBIS* WITHOUT A

HEARING BASED SOLELY ON THE COMMONWEALTH'S ARGUMENT THAT APPELLANT'S PETITION WAS A PCRA AND THUS THE COURT LACKED JURISDICTION TO REVIEW THE WITHIN MATTER DESPITE BOTH THE COMMONWEALTH AND COURT FAILING TO RESPOND TO THE WRITS OF *HABEAS CORPUS* AND *CORAM NOBIS*.

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Carr**, 768 A.2d 1164 (Pa.Super. 2001). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. **Commonwealth v. Hardcastle**, 549 Pa. 450, 701 A.2d 541 (1997).

For purposes of disposition, we combine Appellant's issues. Appellant argues the PCRA eligibility requirement at 42 Pa.C.S.A. § 9543(a)(1)(i), requiring a petitioner be currently serving a sentence of imprisonment, probation or parole to obtain relief, is not narrowly tailored to serve any legitimate state interest because it provides no exceptions for those serving short sentences. Appellant asserts the legislature ignored the real and

substantial penalties offenders can face following expiration of their sentences, such as deportation, sex offender registration, and employment consequences. Appellant claims the eligibility requirement violates the right to counsel because many individuals serving a short sentence would be unable to litigate an ineffective assistance of counsel claim before their sentences expired. For the same reason, Appellant insists the eligibility requirement violates the right to appeal from the denial of PCRA relief.

Appellant submits this eligibility requirement also offends procedural due process because it deprives individuals serving a short sentence, like Appellant, an opportunity to be heard. Likewise, Appellant contends the eligibility requirement violates substantive due process because the entire post-sentence litigation scheme looks unfavorably upon any non-direct appeal issue and does not allow exceptions when a PCRA petition is timely filed but the person is no longer serving his sentence. Appellant maintains he was denied substantive due process resulting from a systematic breakdown of the criminal justice system because the court failed to advise Appellant that he had a right to an interpreter and did not inform Appellant that he would face automatic deportation as a result of his guilty plea. Appellant protests Section 9543(a)(1)(i) is unconstitutional on its face because it has no "plainly legitimate sweep," and is also unconstitutional as applied to him.

Even if the PCRA eligibility requirement at Section 9543(a)(1)(i) is

constitutional, Appellant argues the PCRA court still had jurisdiction to consider his petition because Appellant owed court costs and fees, so technically he was in violation of his probation; and the court could have revoked Appellant's probation and resentenced him. Appellant further contends the court erred by treating his petition as a PCRA petition when his underlying claims are not cognizable under the PCRA, which offers no remedy for his claims. Appellant suggests the court should have treated Appellant's petition as a writ of *habeas corpus* or *coram nobis*. Appellant concludes the PCRA court erred by dismissing his first petition for collateral relief, and this Court must vacate and remand for further proceedings. We disagree.

Pennsylvania law makes clear that any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA. **See generally Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214 (1999); **Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564 (1999); **Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose, including *habeas corpus* and *coram nobis*). The writ of *habeas corpus* continues to exist as a separate remedy only if the claim

raised is not cognizable under the PCRA. ***Peterkin, supra*** at 552, 722 A.2d at 640. ***See also Commonwealth v. Beck***, 848 A.2d 987 (Pa.Super. 2004) (explaining petition for writ of *habeas corpus* will be deemed PCRA petition if it raises issues that are generally cognizable under PCRA). When considering what types of claims fall within the ambit of the PCRA, "the scope of the PCRA eligibility requirements should not be narrowly confined to its specifically enumerated areas of review." ***Commonwealth v. Hackett***, 598 Pa. 350, 363, 956 A.2d 978, 986 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). "Such narrow construction would be inconsistent with the legislative intent to channel post-conviction claims into the PCRA's framework, and would instead create a bifurcated system of post-conviction review where some post-conviction claims are cognizable under the PCRA while others are not." ***Id.*** (internal citation omitted).

The relevant statutory eligibility requirements for relief under the PCRA are as follows:

### § 9543. Eligibility for relief

**(a) General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the

crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been

previously litigated or waived.

<Subsec. (a)(4) is permanently suspended insofar as it references "unitary review" by Pennsylvania Supreme Court Order of Aug. 11, 1997, imd. effective.>

(4)   That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

   **(b)   Exception.**—Even if the petitioner has met the requirements of subsection (a), the petition shall be dismissed if it appears at any time that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner.  A petition may be dismissed due to delay in the filing by the petitioner only after a hearing upon a motion to dismiss.  This subsection does not apply if the petitioner shows that the petition is based on grounds of which the petitioner could not have discovered by the exercise of reasonable diligence before the delay became prejudicial to the Commonwealth.

42 Pa.C.S.A. § 9543(a), (b).

The statute plainly states, under Section 9543(a)(1)(i), that a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole for the conviction at issue to be eligible for PCRA relief.  42 Pa.C.S.A. § 9543(a)(1)(i); **Commonwealth v. Williams**, 977 A.2d 1174 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010).  "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition."  **Id.** at 1176 (quoting **Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa.Super. 2006)).  "To grant relief at a time when [the petitioner] is

**not** currently serving…a sentence would be to ignore the language of the statute." ***Commonwealth v. Ahlborn***, 548 Pa. 544, 548, 699 A.2d 718, 720 (1997) (emphasis in original). ***See also Commonwealth v. Descardes***, ___ Pa. ___, 136 A.3d 493 (2016) (holding petitioner's "petition for writ of *coram nobis*" claiming counsel was ineffective for failing to advise petitioner of automatic deportation consequences associated with his guilty plea raised issues cognizable under PCRA; while petitioner's ultimate goal may be to obtain relief from deportation consequences of his conviction, to advance his goal he must seek relief from his judgment of sentence, which brings his claim within ambit of PCRA; pursuant to plain language of Section 9542, where claim is cognizable under PCRA, PCRA is sole method to obtain collateral review; petitioner was no longer serving probationary sentence when he filed petition, so he was ineligible for PCRA relief; both PCRA court and Superior Court lacked jurisdiction to entertain petition).

States are under no constitutional mandate to provide for collateral attacks on convictions; if a state does provide means, however, then the procedures must comport with fundamental fairness required by the Due Process Clause. ***Commonwealth v. Turner***, 622 Pa. 318, 335, 80 A.3d 754, 764 (2013), *cert. denied*, ___ U.S. ___, 134 S.Ct. 1771, 188 L.Ed.2d 602 (2014). "To deny due process, the complained-of aspect of the state post-conviction procedures must be fundamentally inadequate to vindicate the defendant's liberty interest, and must offend some principle of justice so

rooted in the traditions and conscience of our people as to be ranked as fundamental or transgress any recognized principle of fundamental fairness in operation." *Id.* at 336, 80 A.3d at 764.

> When an appellant challenges the constitutionality of a statute, he…presents this Court with a pure question of law, for which our standard of review is *de novo* and our scope of review in plenary. As a threshold matter, a statute is presumed to be constitutional and will only be invalidated as unconstitutional if it clearly, palpably, and plainly violates constitutional rights. Further[,] a defendant may contest the constitutionality of a statute on its face or as-applied.
>
>> A facial attack tests a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case. An as-applied attack, in contrast, does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right. A criminal defendant may seek to vacate his conviction by demonstrating a law's facial or as-applied unconstitutionality.

**Commonwealth v. Brown**, 26 A.3d 485, 493 (Pa.Super. 2011) (internal citations and quotation marks omitted). A statute is facially unconstitutional only where no set of circumstances exist under which the statute would be valid; in other words, "the law is unconstitutional in all of its applications." **Commonwealth v. McKown**, 79 A.3d 678, 687 (Pa.Super. 2013), *appeal denied*, 625 Pa. 648, 91 A.3d 162 (2014).

In **Turner, supra**, the Pennsylvania Supreme Court confronted a challenge to the constitutionality of the PCRA eligibility requirement of "currently serving" a sentence of imprisonment, probation, or parole, to

obtain PCRA relief. In rejecting the petitioner's argument that this eligibility

requirement violated procedural due process rights, the Court explained:

> We agree with the Commonwealth that due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence.
>
> *    *    *
>
> Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest. Of course, the legislature was free to extend a statutory right of collateral review to individuals like [p]etitioner who had completed their sentence and, had [the legislature] done so, [it] would be constitutionally obligated to ensure that those rights were impacted only in accord with due process. However, the legislature did not do so. Rather, the General Assembly, through the PCRA, excluded from collateral review those individuals who were no longer subject to a state sentence, thereby limiting the statutory right of collateral review to those whose liberty was constrained.
>
> The legislature was aware that the result of the custody or control requirement of Section 9543(a)(1)(i) would be that defendants with short sentences would not be eligible for collateral relief. Indeed, that was the apparent intent: to restrict collateral review to those who seek relief from a state sentence. …
>
> The PCRA provides eligibility for relief for cognizable claims, …and is the sole means of obtaining collateral relief in Pennsylvania. Petitioners are required to satisfy, *inter alia*, the criteria for eligibility for relief, and the timeliness restrictions. By further limiting the eligibility for relief under the PCRA to petitioners serving sentences, our legislature chose not to create any statutory entitlement to collateral review for defendants who have completed their sentences.

- 13 -

> We therefore find no support for the PCRA court's conclusion or [p]etitioner's argument that this legislative enactment runs afoul of due process, as due process does not afford relief absent a protected liberty interest.
>
> … [T]he constitutional nature of the claims asserted by [p]etitioner does not overcome the statutory restrictions on her eligibility for relief, subject, of course, to due process.  Such due process, however, does not require infinite opportunity to attack a conviction under any and all circumstances; rather, it permits our legislature through the PCRA statute to place limitations on claims of trial error and strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in conviction.  As noted earlier, [p]etitioner had the ability to bring [her claims] on direct appeal.  Her failure to proceed in this regard does not mean she is entitled to additional opportunities to attack her conviction.

*Turner, supra* at 338-41, 80 A.3d at 766-68 (holding petitioner had no due process right to be heard outside limits of Section 9543(a)(1)(i) of PCRA; due process does not require perpetual opportunities for collateral review of constitutional claims; state can impose rational limits in support of finality of judgments; petitioner had opportunity to vindicate her claim on direct appeal or within time frame permitted by PCRA; Section 9543(a)(1)(i) is constitutional as applied to petitioner) (internal citations, quotation marks, and footnotes omitted).  *See also Commonwealth v. Volk*, 138 A.3d 659 (Pa.Super. 2016), *appeal denied*, 2016 WL 7105901 (Pa. Dec. 6, 2016) (rejecting petitioner's facial and "as applied" challenge to constitutionality of Section 9543(a)(1)(i); relying on *Turner*'s holding that statutory eligibility

requirement of Section 9543(a)(1)(i) is consistent with due process prerequisite of protected liberty interest; absent valid liberty interest, challenge to both procedural and substantive due process must fail).

Instantly, Appellant entered a negotiated guilty plea on October 1, 2015, to one count of possession of a controlled substance. The trial court sentenced Appellant that day to six months' probation to commence immediately, plus applicable fees and costs associated with his prosecution. Appellant did not file a direct appeal. After the expiration of his sentence on April 1, 2016, Appellant filed, on May 23, 2016, a petition titled, "Petition for Post-Conviction Relief/Writ of *Habeas Corpus*/Writ of *Coram Nobis*." In his petition, Appellant challenged the validity of his guilty plea, claiming the court violated his substantive due process rights by failing to inform him that he had a right to an interpreter or advise him of the possibility of deportation resulting from Appellant's guilty plea. Notwithstanding the title of his petition and his attempt to distance his claims from the ambit of the PCRA, Appellant's claims are cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(i) (stating claim that conviction or sentence resulted from violation of constitution is cognizable under PCRA); 42 Pa.C.S.A. § 9543(a)(2)(iii) (stating claim that conviction or sentence resulted from unlawfully induced guilty plea is cognizable under PCRA). ***See also Hackett, supra***; ***Beck, supra***. Therefore, the PCRA court properly treated Appellant's prayer for relief as a PCRA petition.

As Appellant's sentence had already expired when he filed the current petition, the PCRA court properly decided Appellant was statutorily ineligible for relief.[4] *See* 42 Pa.C.S.A. 9543(a)(1)(i); ***Descardes, supra***; ***Ahlborn, supra***; ***Williams, supra***. Our Supreme Court has rejected the claim that Section 9543 is facially unconstitutional, holding individuals who are not currently serving a sentence have no liberty interest to protect and therefore no due process right to collateral review. ***See Turner, supra***. ***See also Volk, supra***. Because the PCRA is consistent with the due process prerequisite of a protected liberty interest and has been declared facially valid, Appellant's companion claims that Section 9543 violates substantive due process, the right to counsel, and the right to appeal, also fail. ***Id.***; ***McKown, supra***.

Further, Appellant had the opportunity to file a direct appeal raising any trial court error and/or deficiencies with the guilty plea colloquy. Likewise, Appellant did not pursue PCRA relief until after his sentence had

_____

[4] We reject Appellant's assertion that he is eligible for PCRA relief because the court retained jurisdiction to revoke Appellant's probationary sentence and re-sentence him for non-payment of all fees and costs. The court imposed applicable fees and costs associated with Appellant's prosecution as part of Appellant's sentence, not as a condition of his probation. Whether the court **could have** revoked Appellant's probation and resentenced him on this basis is irrelevant; Appellant was not serving a sentence of probation when he filed his petition for relief, so he is ineligible for relief under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(1)(i). Appellant's reliance on ***Commonwealth v. Ortega***, 995 A.2d 879 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1211 (2011), is misplaced because the facts and circumstances of ***Ortega*** are wholly inapposite.

expired. ***See Turner, supra*** (holding Section 9543(a)(1)(i) was not unconstitutional as applied to petitioner; petitioner has burden to prove unconstitutionality of state-law post-conviction procedures as applied and cannot complain of insufficient time to obtain relief when petitioner made no attempt to obtain direct review or collateral review within statutorily authorized time). Therefore, the court properly denied PCRA relief. Accordingly, we affirm.

Order affirmed.

President Judge Emeritus Ford Elliott joins this memorandum.

Judge Solano concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2017