J-S23033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MILTON KEELS | : | |
| | : | |
| Appellant | : | No. 96 EDA 2017 |

Appeal from the PCRA Order November 17, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0714021-2002

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 07, 2018**

Appellant Milton Keels appeals from the order of the Court of Common Pleas of Philadelphia County denying Appellant's petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546, as untimely filed.  After careful review, we affirm.

On June 23, 2003, a jury convicted Appellant of attempted involuntary deviate sexual intercourse and related sexual offenses involving Appellant's minor stepson, D.D. ("Complainant").  On September 4, 2003, the trial court sentenced Appellant to four to ten years' imprisonment to be followed by five years' probation.  On August 23, 2007, this Court affirmed the judgment of sentence and on July 19, 2007, the Supreme Court denied Appellant's petition for allowance of appeal.  On May 20, 2008, Appellant filed his first PCRA petition, which was denied as frivolous, and this Court dismissed Appellant's petition on September 22, 2010 for failing to file an appellate brief as required.

_____

* Former Justice specially assigned to the Superior Court.

On May 16, 2012, Appellant filed the instant *pro* se PCRA petition, alleging that he was entitled to a new trial as Complainant had admitted that he had lied about the abuse and that Appellant had not committed the crimes for which he was convicted. After a period of extensive delay which is not explained in the certified record, the lower court appointed Appellant counsel, who filed an amended petition on January 14, 2016.

The PCRA court held evidentiary hearings on Appellant's petition on September 16, 2016 and November 4, 2016 at which the following factual background was developed. On November 19, 2011, Appellant's stepson, Complainant, executed an affidavit which indicated that he had lied about Appellant's sexual abuse and recanted his trial testimony. On January 12, 2012, Complainant's mother met with former Assistant District Attorney (ADA) Joseph J. Khan, who had prosecuted Appellant's original case. Complainant's mother informed Atty. Khan that Complainant recanted his testimony in an affidavit, which she indicated she had sent to Appellant right after it was made.

Atty. Khan immediately drafted an email to notify the District Attorney's Office of these allegations. In the email, Atty. Khan suggested Complainant's recantation was suspect for a number of reasons, including that Complainant had been a credible witness at trial, Complainant needed years of subsequent therapy to address the effects of the sexual abuse, and that Appellant and Complainant's mother are married and have a child together.

On April 6, 2012, Complainant's mother took Complainant to a notary to execute another affidavit recanting his allegations of abuse. On May 8,

2012, Complainant's mother again took Complainant to a notary to execute a third copy of the affidavit. In filing the PCRA petition in this case, Appellant attached only the most recent May 8, 2012 affidavit as support.

At the conclusion of the hearing, the PCRA court denied Appellant's petition as untimely filed. Appellant filed this appeal and complied with the lower court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

As an initial matter, we must determine whether Appellant is eligible for relief under the PCRA. The PCRA requires that a petitioner plead and prove, *inter alia*, that at the time relief is granted, he or she is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543. Our Supreme Court has consistently interpreted this language to bar PCRA relief from those who are not serving a sentence." ***Commonwealth v. Volk***, 138 A.3d 659, 661 (Pa.Super. 2016). Moreover, "the statutory requirement that a PCRA petitioner be currently serving the sentence is applicable ... where the PCRA court's order was issued while [the] petitioner was still serving the required sentence, but that sentence terminated prior to the resolution of his appeal." ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1112–13 (Pa. Super. 2016).

In this case, Appellant was released from prison on February 19, 2013, after completing his maximum ten-year prison sentence. ***See*** N.T., 9/16/16, at 13, 24. While not addressed by the parties or the PCRA court, it appears that Appellant finished the maximum of his consecutive five-year period of

probation on February 19, 2018. As Appellant is no longer serving a sentence of imprisonment, probation, or parole, he is not eligible for PCRA relief.

Moreover, Appellant is not entitled to collateral relief as his PCRA petition was untimely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of the three exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In this case, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied Appellant's petition for allowance of appeal on July

19, 2007. As a result, the judgment of sentence became final three months later on October 17, 2007, after the expiration of the ninety-day period in which Appellant was allowed to seek review in the U.S. Supreme Court. **See** U.S. Sup.Ct. R. 13(1). Thus, this petition, which was not filed until May 26, 2012, is facially untimely.

Moreover, we agree with the PCRA court that none of the timeliness exceptions set forth in section 9545(b)(1)(i-iii) are applicable. In his petition, Appellant attempted to invoke the newly discovered fact exception under 9545(b)(1)(ii) based on Complainant's recantation. Our courts have explained that the newly-discovered fact exception

> has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

**Commonwealth v. Brown**, 141 A.3d 491, 500 (Pa.Super. 2016) (quoting **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264, 1272 (2007)).

Although Appellant testified at the PCRA hearing that he was aware of Complainant's May 8, 2012 affidavit, Complainant had executed his first affidavit executed six months earlier on November 19, 2011. Appellant admitted that in early 2012, Complainant's mother (who is also Appellant's wife) wrote to Appellant in jail to indicate that Complainant had lied about the abuse. Appellant instructed Complainant's mother to ensure that Complainant put this statement in writing.

Former ADA Khan testified that Complainant's mother met with them to share Complainant's affidavit, signed on November 19, 2011, recanting his trial testimony. ADA Khan recalled that Complainant's mother told him that she had sent the November 19, 2011 affidavit to Appellant in prison and that Appellant had the affidavit.

Complainant's mother initially testified on direct examination that she mailed Appellant an affidavit after April 6, 2012. However, when confronted on cross-examination with Atty. Khan's claim that she had told him that she had sent Appellant the earlier November 19, 2011 affidavit right after it was notarized, Complainant's testified that she "guessed" that she had sent the prior affidavit. N.T. Hearing, 11/4/16, at 66.

Based on the aforementioned testimony, the PCRA court determined that Appellant had not met the newly discovered fact exception as he failed to invoke the exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). The PCRA court found that Appellant knew of Complainant's November 19, 2011 affidavit before Complainant's mother met with Atty. Khan on January 12, 2012.

Therefore, after applying the sixty-day deadline to run from that meeting, the PCRA court noted that Appellant was required to file his PCRA petition no later than March 12, 2012. As Appellant did not file a petition until May 16, 2012, we conclude that that the PCRA court correctly determined that

Appellant had filed an untimely petition and had failed to prove that one of the PCRA timeliness exceptions applied.[1]

Accordingly, we affirm the PCRA court's order denying Appellant's petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Prothonotary

Date: 5/7/18

---

[1] We note that Appellant suggested for the first time on appeal that the Commonwealth interfered with his ability to file a PCRA petition as the prosecution did not inform him that Complainant had recanted his trial testimony. To the extent that Appellant wishes to invoke the government interference exception, we observe that he did not raise this claim in his *pro se* or amended PCRA petition. This Court has held that "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa.Super. 2007). **See also** Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Therefore, we will not review this claim further.