J-S29021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD C. EISENACHER | : | |
| | : | |
| Appellant | : | No. 1681 EDA 2020 |

Appeal from the Order February 6, 2020,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  TR. No. CR-0000197-2015.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:         **FILED NOVEMBER 22, 2021**

Ronald C. Eisenacher appeals from the order of the PCRA court treating his "Petition for Leave to Appeal Conviction of Summary Offense Nunc Pro Tunc" as a petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. sections 9541-46, and denying it as untimely.  We affirm.

The PCRA court summarized the pertinent facts as follows:

> On October 31, 2014 (Halloween) at or near 10:30 p.m. in the area of the 1000 block of W. Baltimore Pike in Upper Providence Township [Eisenacher] was pulled over by Officer Sean [Engelman] for speeding 43.5 miles per hour in a 25 mph speed zone.
>
> On making contact with the driver, [Eisenacher], it became increasingly clear to Officer Engelman that [Eisenacher] was driving under the influence of alcohol. First, [Eisenacher] fumbled for his driver license, insurance

---

[*] Former Justice specially assigned to the Superior Court.

and registration before handing these over to the officer. [Eisenacher] was also slurring his words while explaining that he had left his license at home. The officer noticed [] Eisenacher's eyes were glassy and bloodshot. On checking his license, Officer Engelman discovered [Eisenacher's] license was DUI suspended from a prior DUI. [Eisenacher] denied any earlier drinking to Officer Engelman.

Officer Engelman therefore instructed [Eisenacher] to perform field sobriety tests. Exiting the car, Officer Engelman observed [Eisenacher] repeatedly leaning on the car to maintain balance. Also, [Eisenacher] had a strong odor of alcohol emanating from his body. Officer Engelman opined that [Eisenacher] failed all three field sobriety tests and arrested for suspected DUI at the scene. [Eisenacher] submitted to chemical blood testing after informed consent was obtained. Blood test results showed a .169 blood-alcohol level.

PCRA Court Opinion, 7/22/20, at 2-3.

Police charged Eisenacher with multiple counts of DUI, driving while suspended-DUI related, and exceeding maximum speed limits. The PCRA court explained the subsequent procedural history as follows:

[Eisenacher] entered a negotiated guilty plea on April 21, 2015 before the late Honorable James Nilon to count 2 of the criminal informations charging 3rd Offense DUI (highest rate, a misdemeanor of the first degree for which he received a one (1) to five (5) years confinement in a state correctional facility though RRR1 eligible as well as a $2,500.00 fine and he pleaded to count 3 of the criminal informations charging violations of 75 § 1543(b)(1) driving with a suspended or revoked license pursuant to section 1547(b)(1), a summary offense, for which he received a ninety (90) day sentence of incarceration to run concurrent to the sentence of confinement at count 2. He also received a fine of $1,000.00. [Eisenacher] was also sentenced to restorative sanctions. No exceptions were taken from the plea or sentence. No direct appeal or post-sentence motions [were] filed. No collateral actions were ever filed.

PCRA Court Opinion, 7/22/20, at 4.

On January 30, 2020, Eisenacher filed a counseled petition for leave to appeal his summary conviction *nunc pro tunc*. Treating the filing as a PCRA petition, the PCRA court, by order entered February 6, 2020, dismissed it as untimely filed. This direct appeal followed. Both Eisenacher and the PCRA court have complied with Pa.R.A.P. 1925.

Eisenacher raises the following two issues on appeal:

I.      Did the [PCRA] court abuse its discretion by denying [Eisenacher], sua sponte, leave to appeal nunc pro tunc, his conviction following entry of a guilty plea to the summary offense found at 75 Pa.C.S.A. section 1543(b)(1) on April 21, 2015; the [PCRA] court thereby denying [him] due process of law in supplementing the underlying, archived record?

II.     Was the February 6, 2020, order of the [PCRA] court, in both lack of stated reasoning and preemptive denial of a forum to prove his claim, illegal and unconstitutional, as a matter of law?

Eisenacher's Brief at 6 (excess capitalization omitted).

In his first issue, Eisenacher claims the trial court erred by not granting him permission to file a direct appeal *nunc pro tunc*. He had thirty days to appeal his conviction following his negotiated guilty plea on April 21, 2015. Pa.R.A.P. 903. Eisenacher filed this *nunc pro tunc* motion almost five years later. The trial court cannot grant *nunc pro tunc* relief after thirty days. **See id.** The only way for Eisenacher to get that relief was via a timely filed PCRA petition. Thus, we first conclude that the court properly treated Eisenacher's *nunc pro tunc* filing as a petition for post-conviction relief. "Any 'perceived

injustice cannot warrant the judicial creation of an extra-PCRA remedy for claims exclusively reserved by the PCRA statute.'" ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (citation omitted). If a defendant's claim is cognizable under the PCRA, a petitioner may only obtain relief under the PCRA. ***Commonwealth v. Turner***, 80 A.3d 754, 767 (Pa. Super. 2013). Moreover, if the claim is cognizable under the PCRA, a post-conviction motion or petition will be treated as a PCRA petition regardless of the title of the document filed. ***Commonwealth v. Barndt***, 74 A.3d 185, 190 n.7 (Pa. Super. 2013).

Next, we determine whether the court properly concluded that Eisenacher's was untimely filed.[1] The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional

---

[1] Although the record is not clear, Eisenacher may also be ineligible for relief because he has fully served his five-year maximum. ***See Commonwealth v. Volk,*** 138 A.3d 659, 662-63 (Pa. Super. 2016) (explaining PCRA's requirement that petitioner be serving a sentence in order to obtain relief does not violate due process).

right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). Here, because Eisenacher's underlying claim arose prior to December 24, 2017, he was required to file his PCRA petition invoking one of these statutory exceptions within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2) (repealed).[2] In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Eisenacher's judgment of sentence became final on May 21, 2015, thirty days after the time for filing an appeal to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until May 20, 2016, to file a timely PCRA petition. Because Eisenacher filed his petition in 2020, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

---

[2] The current statutory subsection extends the period to one year.

Eisenacher failed to plead and/or prove any exception to the PCRA's time bar in his PCRA petition. Rather, on appeal he maintains that he can still obtain the right to appeal, *nunc pro tunc*, outside the framework of the PCRA. He cites no pertinent case authority for this proposition.

In the alternative, he cites the PCRA court's consideration of the contents of his petition as arguably meeting the "newly-discovered evidence" exception because he became aware that his due process rights were violated only after current counsel reviewed his case in its totality. We disagree. Eisenacher's failure to argue any timeliness exception in his petition renders this claim waived. **Burton**, **supra**.

Eisenacher's second claim that the PCRA court denied him a forum to prove his claim is without merit. Eisenacher had one year to bring a petition under the PCRA to remedy any perceived injustice in his case. His failure to act in a timely manner bars his claim as a matter of law.

In sum, our review of the record supports the PCRA court's conclusion that it lacked jurisdiction to consider Eisenacher's PCRA petition because it was untimely, and Eisenacher failed to plead and/or prove a time-bar exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2021