J-S37025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AKEEM WATSON | : | |
| | : | |
| Appellant | : | No. 924 EDA 2021 |

Appeal from the PCRA Order Entered April 30, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0010503-2008

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED JANUARY 03, 2022**

Akeem Watson (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA). *See* 42 Pa.C.S.A. §§ 9541-9546. Also, Appellant's counsel has petitioned to withdraw from representation. We grant counsel's petition and dismiss the appeal.

In July 2009, Appellant pled guilty to indecent assault, conspiracy, and unlawful restraint.[1] On July 2, 2009, the trial court sentenced Appellant to an aggregate of 11½ - 23 months of incarceration, followed by 5 years of probation. Appellant did not appeal. In the ensuing years, Appellant committed several technical violations of his probation. Pertinent to this

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3126(a)(1), 903, 2902(a)(1).

appeal, Appellant violated his probation for a fourth time in 2019. Following a violation of probation (VOP) hearing on May 3, 2019, the trial court and sentenced Appellant to serve 1 – 2 years in prison. Appellant did not appeal.

On May 1, 2020, Appellant timely filed a *pro se* PCRA petition. Appellant raised various claims, including a claim that his violation of probation counsel was ineffective for failing to object to portions of testimony by Appellant's parole agent at the VOP hearing. The PCRA court appointed counsel, who filed an amended petition on November 1, 2020. The Commonwealth filed a response in which it rejected Appellant's claims, but stated it did "not oppose an evidentiary hearing on [Appellant's] claim of ineffectiveness for failure to object to hearsay testimony from [Appellant's] parole agent at the VOP hearing." Response, 1/5/21, at 7.

The PCRA court originally scheduled an evidentiary hearing for February 22, 2021; however, it was rescheduled due to COVID-19 restrictions. The court thereafter conducted a hearing by videoconference on April 12, 2021. Appellant participated from prison. Notably, Appellant conceded his sentence would expire in five days. N.T., 4/12/21, at 5. As we discuss below, the PCRA court had to conclude the hearing prematurely due to technical difficulties. *Id.* at 29-30; *see also* PCRA Court Opinion, 8/3/21, at 3 ("There were technical issues that caused interference with the audio and both Appellant and the court lost sound during the testimony.").

On April 29, 2021, the Commonwealth filed a motion to dismiss Appellant's PCRA petition. The Commonwealth asserted: "On April 17, 2021, [Appellant] completed serving his sentence. Accordingly, [Appellant] is not currently serving a sentence of imprisonment, probation or parole for this crime and, as such, is no longer eligible for relief under the PCRA." Motion to Dismiss, 4/29/21, at 1. The PCRA court conducted a supplemental evidentiary hearing the next day, after which it granted the Commonwealth's motion and dismissed Appellant's petition.

Appellant timely filed a *pro se* notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court appointed PCRA counsel, John Belli, Esquire (Attorney Belli) to represent Appellant on appeal.

On August 10, 2021, Attorney Belli filed with this Court a petition to withdraw as counsel, along with a "no merit" letter brief, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Attorney Belli expressed that Appellant is jurisdictionally ineligible for collateral relief because his sentence expired in April 2021. Appellant did not respond to Attorney Belli's filings.

Before addressing the merits of Appellant's claims, we must determine whether Attorney Belli complied with the requirements of **Turner**/**Finley** in petitioning to withdraw as counsel. We have explained:

> Counsel petitioning to withdraw from PCRA representation must proceed under [**Turner** and **Finley**] and must review the

case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner***/***Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 510-11 (Pa. Super. 2016) (citation, ellipses, and breaks omitted).

Our review of the record discloses that Attorney Belli has complied with the above requirements. In the no-merit letter brief, he: (1) detailed his thorough review of the record and law; (2) set forth the issue Appellant wished to have reviewed; and (3) explained why Appellant's issue lacks merit. ***See generally*** No-Merit Brief, 8/10/21. Attorney Belli also mailed Appellant a letter, dated August 10, 2021, informing him of counsel's intention to seek permission to withdraw from representation, as well as Appellant's rights in lieu of representation. ***See Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011) (requiring same). Since Attorney Belli has complied with ***Turner***/***Finley***, we proceed to independently review the record. However, before doing so, we must determine whether Appellant is eligible for relief.

Section 9543 of the PCRA provides that to be eligible for relief, a petitioner "must plead and prove by a preponderance of the evidence ... [t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted, *currently serving* a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i) (italics added); *see also Commonwealth v. Volk*, 138 A.3d 659, 661 (Pa. Super. 2016) ("Our Supreme Court has consistently interpreted this language to bar PCRA relief from those who are not serving a sentence."). A petitioner becomes ineligible for PCRA relief "[a]s soon as his sentence is completed, ... **regardless** of whether he was serving his sentence when he filed the petition." *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006) (bold emphasis added).

Here, the record reveals that Appellant has completed his sentence; indeed, he conceded this fact at the April 12, 2021 PCRA hearing. N.T., 4/12/21, at 5. Appellant's sentence expired on April 17, 2021. Thus, he is ineligible for relief. *See* 9543(a)(1)(i); *see also Hart*, *supra*. Appellant nonetheless claims he is entitled to relief because his due process rights were violated by "unreasonable PCRA court delay." No-Merit Brief, 8/10/21, at 8, 9. This claim is cognizable under the PCRA. *See Commonwealth v. Burkett*, 5 A.3d 1260, 1275 (Pa. Super. 2010). The **Burkett** Court detailed the test to be applied when a PCRA petitioner alleges a due process violation attributable to unreasonable delay in adjudicating a PCRA petition. *Id.* at

1276 ("[T]he court first considers whether the delay itself is sufficient to trigger further inquiry. Second, the court must evaluate the reason for the delay. Thirdly, the court must ascertain the timeliness of the defendant's assertion of his right; and lastly, the court must decide if there exists any resulting prejudice to the defendant."); **but see also Commonwealth v. Turner**, 80 A.3d 754, 766 (Pa. 2013) (rejecting claim that Section 9543 is facially unconstitutional, and holding that individuals who are not currently serving a sentence have no liberty interest to protect and no due process right to collateral review).

Instantly, Appellant filed his PCRA petition on May 1, 2020, nearly a year after the imposition of his sentence on May 3, 2019. The PCRA court dismissed the petition on April 30, 2021, less than a year later, despite delays that were beyond the court's control. Our review of the record discloses no due process violation; any delay was unintentional, and Appellant was not diligent in pursuing PCRA relief before the expiration of his sentence. **See**, **e.g.**, **Volk**, 138 A.3d at 664-65 (barring PCRA relief where there was an unintentional and non-prejudicial 21-month delay in PCRA proceedings that allowed petitioner's sentence to expire); **Burkett**, 5 A.3d at 1280 (rejecting due process challenge where PCRA petitioner failed to prove, *inter alia*, that the substantial delay in adjudicating the petition "would have likely led to the outcome of his PCRA

proceeding having been different.")[2]; **see also** PCRA Court Opinion, 8/3/21, at 4 ("Appellant's petition was heard in an appropriately timely manner despite the pandemic shutdown and the difficulty in scheduling video sessions at the prison," and the "fact that there were technical issues that necessitated a continuance of the evidentiary hearing was out of the court's control.").

Accordingly, we dismiss Appellant's appeal. Further, Attorney Belli is entitled to withdraw as Appellant's counsel for the reasons discussed above.

Petition for leave to withdraw as counsel granted. Appeal dismissed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 1/3/2022*

---

[2] Attorney Belli's states, "even if Appellant's PCRA [petition] was granted and a new VOP hearing ordered, a court could not take any action in this matter, including giving Appellant back the two years he served following the revocation of his probation, because he was no longer serving a sentence." No-Merit Brief, 8/10/21, at 13.