J-A08043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALVIANETTE A. KENNEDY | : | |
| | : | |
| Appellant | : | No. 169 EDA 2022 |

Appeal from the PCRA Order Entered November 29, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000647-2018

BEFORE: BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 16, 2024**

Alvianette A. Kennedy appeals from the order denying her Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Counsel has filed an **Anders**[1] brief and application to withdraw. We affirm the order of the PCRA court and grant counsel leave to withdraw.

Kennedy missed work in December 2014 as a result of injuries that she sustained in a car accident, and she obtained a doctor's note excusing her from two days of work. Kennedy thereafter submitted a claim to her insurance company for lost wages. However, the copy of the doctor's note Kennedy provided in connection with her claim had been altered to excuse her from work for more than just the two days. The insurance company paid Kennedy $5,336.14.

_____

[1] **Anders v. California**, 386 U.S. 738 (1967).

Following an investigation, the Commonwealth charged Kennedy with making a false insurance claim and securing execution of documents by deception.[2] It alleged Kennedy had knowingly submitted an altered doctor's note to the insurance company to inflate her claim. At the two-day jury trial, the Commonwealth introduced the testimony of the custodian of records for the doctor's office, the office's record of Kennedy's visit, the carbon copy of the doctor's note the doctor gave to Kennedy, and Kennedy's claim to the insurance company, including the altered note. Kennedy testified on her own behalf. Neither party introduced a handwriting expert. The jury convicted Kennedy of both counts, and on November 14, 2018, the court sentenced her to an aggregate of 5 years' probation and to pay restitution of $5,336.14.[3]

Kennedy filed an untimely post-sentence motion and, before the court ruled on the untimely motion, a timely notice of appeal. Of relevance, Kennedy argued on direct appeal that the evidence was insufficient because the Commonwealth had not presented a handwriting expert to establish that the additional handwriting on the doctor's note was Kennedy's. This Court affirmed, finding the evidence was sufficient to prove that Kennedy had intentionally provided the falsified note to the insurance company. ***See***

***Commonwealth v. Kennedy***, No. 3612 EDA 2018, 2019 WL 5168643, at *3

_____

[2] ***See*** 18 Pa.C.S.A. §§ 4117(a)(2) and 4114, respectively. The Commonwealth also charged Kennedy with two counts of forgery, but later withdrew those counts.

[3] The court sentenced her to a term of five years' probation and a concurrent term of two years' probation.

(Pa.Super. filed October 15, 2019) (unpublished memorandum). The Supreme Court denied Kennedy's petition for allowance of appeal on May 19, 2020.

Kennedy filed a timely PCRA petition, *pro se*, on March 31, 2021. The PCRA court appointed counsel, who filed an amended petition. The amended petition alleged that Kennedy's sentence of restitution was illegal and that her trial counsel had provided ineffective assistance in failing to obtain a handwriting expert to testify in her defense.

The court held a hearing at which Kennedy presented the testimony of her trial counsel and a handwriting expert, Mark Songer. Trial counsel testified that he believed the opinion of a handwriting expert would not have helped Kennedy's defense because the Commonwealth was not required to prove who had falsified the document that Kennedy submitted to the insurance company. N.T., 11/5/21, at 12-14. Songer opined that it was "inconclusive" whether Kennedy had made the changes to the doctor's note. *Id.* at 41, 42, 51, 54. The court denied the petition.

Kennedy filed a timely notice of appeal on December 28, 2021. The court ordered her to file a statement of matters complained of on appeal. *See* Pa.R.A.P. 1925(b). Kennedy's statement raised one issue:

> This Court erred by denying [Kennedy's] Petition for Post Conviction Collateral relief because the evidence adduced at the evidentiary hearing demonstrated that trial counsel had no reasonable basis for failing to investigate the availability of, and elicit testimony from, [Kennedy's] proffered handwriting expert, Mr. Songer. Counsel's point that forgery was not at issue is irrelevant, as the Commonwealth's evidence was presented to show that [Kennedy] altered the script in question. [Kennedy] was prejudiced by this omission because this witness would have

substantiated [Kennedy's] theory of the case by showing that she did not alter the script in question, which would have undercut the Commonwealth's theory of the case and established reasonable doubt.

Rule 1925(b) Statement, 1/24/22, at 1-2. The PCRA court authored an opinion explaining it found Kennedy's ineffectiveness claim to be meritless because the Commonwealth had not been required to prove who had falsified the doctor's note. *See* PCRA Court Opinion, filed 3/9/22, at 5-6.

Approximately two months after he filed Kennedy's notice of appeal, in early March 2022, Kennedy's PCRA counsel sought to withdraw because Kennedy had not retained him for the appeal. We granted counsel leave to withdraw and remanded for the PCRA court to appoint new counsel, if appropriate.

Substantial delay ensued. After determining that Kennedy was entitled to court-appointed counsel, in accordance with our order, the PCRA court appointed new counsel who twice failed to file an appellant's brief before our deadline. After we imposed a third and final deadline, in November 2023, counsel filed an application to withdraw as counsel. We granted the application and again remanded the case for the PCRA court to appoint new counsel. The PCRA court appointed present counsel. In January 2024, over two years after the appeal began, present counsel filed the instant ***Anders*** brief and application to withdraw.

Kennedy has filed a 56-page *pro se* response to counsel's application to withdraw. As we understand her response, Kennedy explains her version of the underlying facts, asserts her innocence, and challenges the sufficiency of

- 4 -

the evidence and the lawfulness of the prosecution. She also complains of the delay in this case and argues that her wrongful convictions have prevented her from obtaining work and fair housing, defamed her character, and prevented her from socializing with friends and family members who are not allowed to associate with persons with criminal records.

Before we address the merits of the appeal, we must examine counsel's application to withdraw. **Commonwealth v. Muzzy**, 141 A.3d 509, 510 (Pa.Super. 2016). Counsel seeking to withdraw from the appeal of the denial of PCRA relief should file a no-merit letter/brief pursuant to **Turner/Finley**.[4] However, we may accept a filing styled as an **Anders** brief in lieu of a **Turner**/**Finley** no-merit letter/brief. **Muzzy**, 141 A.3d at 510 n.3. The letter/brief must detail the nature and extent of counsel's review, list each issue the petitioner wishes to have reviewed, and explain why they are meritless. **Id.** at 510-11. Counsel must also furnish the petitioner with copies of the letter/brief and counsel's application to withdraw and advise the petitioner of her immediate right to proceed *pro se* or by new counsel. **Id.** at 511-12. If counsel has complied with the above requirements, we then conduct an independent review of the petitioner's issues to determine if they have arguable merit. **Id.** at 511.

Counsel's letter/brief states that she has reviewed the entire record, including the notes of testimony; consulted with Kennedy via mail, e-mail, and

_____

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

teleconference; reviewed the controlling law; and concluded that the appeal is wholly frivolous.[5] She has provided Kennedy with a copy of her petition to withdraw and the letter/brief. Counsel has also advised Kennedy of her right to retain new counsel or proceed *pro se*, and of her right to raise any additional points to this Court. We conclude that counsel's withdrawal application passes muster and turn to a review of the merits of the appeal.

"When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa.Super. 2020) (quoting **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa.Super. 2018)).

As counsel points out, Kennedy is statutorily ineligible for PCRA relief. To be eligible, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). This applies regardless of whether the petitioner filed the petition while still serving a sentence, and regardless of whether the petitioner faces collateral consequences from the convictions. **See Commonwealth v. Ahlborn**, 699 A.2d 718, 720-21 (Pa. 1997); **Commonwealth v. Plunkett**, 151 A.3d 1108, 1113 (Pa.Super. 2016).

_____

[5] Although PCRA counsel may seek leave to withdraw upon concluding that the appeal lacks merit, present counsel's finding that the appeal is wholly frivolous exceeds the requirement of finding that the appeal is meritless. **See Commonwealth v. Hipps**, 274 A.3d 1263, 1272, *appeal denied*, 288 A.3d 1292 (Pa. 2022).

Here, counsel's letter/brief and Kennedy's *pro se* response both state that Kennedy's probation expired in November 2023.[6] As Kennedy is no longer serving a sentence "of imprisonment, probation or parole," she is ineligible for PCRA relief. **Plunkett**, 151 A.3d at 1113.

To the extent Kennedy's response can be read as asserting a due process violation from the delay in this case, the claim lacks merit. Where there is a lengthy delay in the disposition of a PCRA petition that precludes relief because the petitioner is no longer serving a sentence, and the delay is unattributable to the petitioner, the petitioner's right to due process is only violated if the delay caused the petitioner prejudice in the sense that the outcome of the PCRA proceeding would likely have been different. **See Commonwealth v. Volk**, 138 A.3d 659, 665 (Pa.Super. 2016).

Here, the outcome would have been the same even without the delay because Kennedy's issues are meritless. First, Kennedy's *pro se* challenges to her underlying conviction do not merit relief because they have been either litigated on direct appeal or waived. **See** 42 Pa.C.S.A. § 9543(a)(3).

Next, previous PCRA counsel's claim that Kennedy's trial counsel was ineffective also lacks merit. Counsel is not ineffective for failing to call a potential witness unless that witness's testimony "would have been beneficial under the circumstances of the case." **Commonwealth v. Johnson**, 966 A.2d 523, 536 (Pa. 2009) (citation omitted).

_____

[6] As the court denied the petition before Kennedy's sentence expired, it did not consider this fact. The Commonwealth has not submitted a brief.

Here, the handwriting expert, Songer, testified at the PCRA hearing that he would have testified at trial that he could not conclude whether Kennedy had been the person to alter the doctor's note to include the additional dates. This testimony would not have been beneficial at trial. The Commonwealth did not attempt to prove that Kennedy had altered the note herself, and Songer's testimony is not probative on the controlling issue of whether Kennedy knowingly submitted a falsified note.

Our independent review of the record reveals no meritorious issues. We therefore affirm the order of the PCRA court and grant counsel leave to withdraw.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2024